FILED ___ LODGED
___ RECEIVED ___ COPY
APR - 6 2004
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Bush, individually and for all claimants on behalf of deceased son Ryan Bush; and Cyndi Lawrence individually and for all claimants on behalf of her deceased son Travis Lawrence,<br><br>    Plaintiffs,<br><br>vs.<br><br>George R. Sturzenegger, Hamilton Ranch, L.L.C. and Beaver Dam Bar, Inc.,<br><br>    Defendants. | No. CV02-1092-PCT-DGC<br><br>**ORDER** |

A Final Pretrial Conference was held on April 1, 2004. For the reasons discussed on the record,

**IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion in Limine No. 1 Re: Actions of Dwain Hammit While Off-Duty (Doc. #110) is **granted** with respect to opening statements and questions during trial. Plaintiffs shall not assert in opening statements or imply through questions at trial that Defendant is liable for the knowledge or actions of Hammit while at the Beaver Dam Bar. As stated on the record, the Court is not inclined to instruct the jury that Defendant is liable for Hammit's off-duty activities, but the Court will revisit this issue after the presentation of evidence in connection with jury instructions.

2. Defendant's Motion in Limine No. 2 Re: Monitoring Prior Alcohol Consumption (Doc. #111) is **denied**. The fact that Sturzenegger and his companions may have been drinking while on Defendant's golf course is relevant to whether Defendant knew or should have known that serving him drinks created an unreasonable risk of harm to others. Plaintiffs should not, however, assert in opening statements or imply through questioning that Defendant had a duty to monitor Sturzenegger's drinking on the golf course. The existence of such duty will be addressed by the Court in connection with final jury instructions.

3. Defendant's Motion in Limine No. 3 Re: Unfounded Accusations of Spoliation of Evidence (Doc. #112) is **granted in part and denied in part**. Plaintiffs may present evidence to the jury concerning the importance of the bar tape and the loss of the bar tape, and may challenge Defendant's credibility in explaining the loss. Plaintiffs should not, however, make reference to "spoliation" in opening statements or during questioning and should not suggest that the jury may draw a negative inference from the loss of the bar tape. After hearing the evidence, the Court will decide whether to give a spoliation instruction to the jury.

4. Defendant's Motion in Limine No. 4 Re: Unfounded Expert Opinions (Doc. #113) is **denied**. The opinions of Officer Wells were timely disclosed to Defendant and appear to fall within Rule 702 of the Federal Rules of Evidence. If Defendant believes that certain opinions do not satisfy the criteria of Rule 702, Defendant may object at the time of examination.

5. Defendant's Motion in Limine No. 5 Re: "The Golden Rule" (Doc. #114) is **granted**. Neither party shall suggest that the jurors place themselves in the position of any party or witness in this case, or any person who may have been at risk due to the events in this case. This ruling shall not preclude Plaintiffs from arguing that a risk to others was created.

6. Defendant's Motion in Limine No. 6 Re: Existence of Liability Insurance (Doc. #115) is **granted**. No party or witness shall make any reference to insurance.

7. Defendant's Motion in Limine No. 7 To Preclude Plaintiffs from Offering Evidence of Plaintiffs' Religious Beliefs (Doc. #116) is **granted in part and denied in part**. No party or witness shall identify their affiliation with any specific religious organization. This ruling does not, however, preclude Plaintiffs from testifying accurately about their experience in dealing with the deaths of their sons.

8. Defendant's Motion in Limine No. 8 To Preclude Plaintiffs From Testifying As To What They Will Do With Any Money Awarded To Them As Damages (Doc. #117) is **granted**. No party or witness shall ask or mention how any money awarded in this case might be used.

9. Defendant's Motion in Limine No. 9 Re: Opinions of Fred Del Marva (Doc. #118) is **denied without prejudice**. Defendant shall file a revised Motion in Limine on or before April 16, 2004 that addresses the opinions specifically set forth in Mr. Del Marva's expert report in this case. Plaintiffs shall file a response by April 23, 2004. The Court will rule on the revised Motion without oral argument.

10. Defendant's Motion in Limine No. 10 Re: Past Criminal Convictions and Arrests (Doc.# 119) is **granted**. Plaintiffs shall not mention past criminal convictions of Mr. Hamilton or his previous DUI arrests. Plaintiffs may raise again the issue of the DUI arrests, outside the hearing of the jury, if they believe that the arrests become particularly relevant in light of the evidence presented during trial.

11. Defendant's Motion in Limine No. 11 Re: Plea Bargains of Non-Parties at Fault (Doc. #120) is **denied**.

12. Defendant's Motion in Limine No. 12 Re: Too Many Plaintiffs' Experts on the Same Topic (Doc. #121) is **denied**. The Court will not allow unnecessarily cumulative evidence. The Court will address this issue as witnesses testify at trial.

13. Plaintiffs' Motion in Limine To Exclude Testimony of Chester Flaxmayer (Doc. #125) is **taken under advisement**. The Court will revisit this Motion after additional disclosures concerning Mr. Flaxmayer have been made, as ordered below.

14. Plaintiffs' Motion in Limine To Exclude Evidence or Commentary Regarding Collateral Payments (Doc. #129) is **granted**. No reference shall be made to the source or amount of any payments received by Plaintiffs in connection with this litigation. The Court will mention the settlements of Beaver Dam Bar and Mr. Sturzenegger in the form set forth in the parties' joint Statement of the Case. If Defendant otherwise feels the need to raise the issue of settlements in connection with the presentation of evidence or the cross-examination of any witness, it shall raise that issue with the Court outside the hearing of the jury.

15. Plaintiffs' Motion in Limine In Support of Jury Instruction Regarding Spoliation of Evidence (Doc. #127) is **denied without prejudice**. As noted above, the Court will not decide at this time whether to instruct the jury on spoliation or any negative inference that may be drawn from the absence of the bar tape. The Court will address this issue as part of jury instructions.

16. In connection with the Plaintiffs' motion to exclude the testimony of Chester Flaxmayer, Defendant is ordered to do the following on or before **April 30, 2004**:

   a. Provide to Plaintiffs' counsel the names of ten prosecutors who have cross-examined Mr. Flaxmayer in DUI criminal cases;

   b. Provide to Plaintiffs' counsel the names and specific identifying information of every civil case in which Mr. Flaxmayer has testified during the past four years;

   c. Produce to Plaintiffs' counsel all expert reports Mr. Flaxmayer has prepared in these civil cases, obtaining such reports from Mr. Flaxmayer's file or from the files of counsel in these civil cases;

   d. Produce to Plaintiffs' counsel the transcripts of all depositions taken in civil cases where Mr. Flaxmayer has testified in the past four years, obtaining such deposition transcripts from Mr. Flaxmayer's files or from the files of counsel involved in the litigation;

  e. Provide the Court with a status report on **April 30, 2004**, concerning the completion of these tasks; Plaintiffs shall file a response by the close of business on **May 5, 2004**; the Court will then revisit the motion to exclude the testimony of Mr. Flaxmayer.

17. A final pretrial meeting shall be held with the Court on **July 23, 2004 at 3:30 p.m.** Out-of-town counsel may participate by telephone if necessary. Counsel should be prepared to address any issues that might affect trial in any way.

18. Trial shall begin on **July 27, 2004 at 8:30 a.m.** and shall proceed on the following days: **July 27-30, August 3-6, and August 10-11, 2004**. The Parties stipulated on the record that this Prescott case shall be tried in Phoenix.

19. Each side shall be allotted a total of **2 hours** for opening statements and closing arguments. The parties may allocate this time between opening statements and closing arguments as they see fit. Plaintiffs shall be allowed **30 hours** and Defendant **20 hours** for the presentation of this case. Time spent during the affirmative presentation of evidence and during cross-examination of the opposing side's witnesses shall be counted against a party's allotment of time.

20. On or before **May 28, 2004**, the parties shall provide the Court with the designation of all deposition testimony to be presented to the jury by videotape. The parties shall identify the specific pages and lines of testimony to be submitted, and the specific objections being urged. The Court shall rule on the objections so the parties may prepare videotapes for trial.

DATED this 2nd day of April, 2004.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge